Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:   (310) 437-8665
Facsimile:   (310) 943-2085

*Attorneys for Plaintiff,*
Backgrid USA, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>CESAR DELEON RAMIREZ; and DOES 1-10, inclusive,<br><br>            Defendants. | Case No.:   2:25-cv-00808<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff, Backgrid USA, Inc. ("Backgrid"), complains against Defendant, Cesar DeLeon Ramirez ("Mr. Ramirez"), an individual, and Does 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the Defendants reside and may be found in this judicial district, and the injury suffered by Plaintiff took place in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California. Specifically, Defendant Cesar DeLeon Ramirez resides in and does business in Los Angeles, California. Moreover, Defendant's social media accounts and website are directed to and consumed by Los Angeles readers.

## PARTIES

3. Plaintiff Backgrid USA, Inc. is a California corporation with its principal place of business located in Redondo Beach, California.

4. Defendant Cesar DeLeon Ramirez is an individual who resides in and regularly does business in Los Angeles, California.

5. The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

*Backgrid and the Photographs that Frame This Dispute*

6. Backgrid owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

7. Among many other in-demand photographs, Backgrid owns coveted photographs of celebrities, including Karol G and Winnie Harlow (hereinafter the "Celebrity Photographs"). All rights, title and interest in the Celebrity Photographs (the photographs at issue in this case), including but not limited to the timely registered copyrights thereon, are owned by Backgrid.

8. Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office. *See* Exhibit A.

*Defendant and His Willful Infringing Activity*

9. Defendant Cesar DeLeon Ramirez is a celebrity hairstylist and creative director. He has worked in the beauty and fashion world for 24 years, and his looks have been seen on TV shows like The X-Factor, Keeping Up With The Kardashians, Ellen, So You Think You Can Dance, RuPaul's Drag Race, and America's Most Musical Family. He has worked with prominent celebrities such as Ciara, Christina Aguilera, Normani, Beyonce, Kylie Jenner, Kim Kardashian, Khloe Kardashian, Arianna Grande, Jennifer Lopez, Demi Lovato, Jennifer Hudson, Mariah Carey, Kehlani, Russell Wilson, Becky G, Laverne Cox, Erika Jayne, Solange, Rita Ora and many more. Mr. Ramirez has also collaborated

3

**COMPLAINT**

extensively with numerous high-end brands, including W magazine, Elle, Vogue, Harper's Bazaar, GQ, Latina, ID, Vanity Fair and many more. His work has also been featured at the Met Gala, as well as on fashion runways with fashion forward designers like Victor De Sousa, Carlos Campos, Michael Costello and Marco Marco.

10. On information and belief, Defendant operates and controls an Instagram account located at @cesar4styles ("Instagram Account") to promote his brand and business. The Instagram Account has a blue checkmark verification, indicating that Instagram has verified the account belongs to Defendant, and has over 454,000 followers.

11. Defendant violated federal law by willfully infringing Backgrid's copyrights to at least 7 photographs on, at least, the Instagram Account. Attached hereto as Exhibit B and incorporated herein by reference are true and correct screenshots of the Instagram Account, including screenshots of the 7 infringed photographs at issue in this lawsuit.

12. Additionally, Defendant induced, caused, or materially contributed to the reproduction, distribution and public display of the Celebrity Photographs, and derivatives thereof, all while knowing or having reason to know of the infringement on his accounts were without permission, consent, or license. By uploading the Celebrity Photographs to the account, Defendant encourages his fans and followers to "share" the photographs, thus, causing others to also willfully infringe and multiplying the harm to Backgrid.

13. On information and belief, Defendant operates and controls the Instagram Account at all times relevant to this dispute and financially benefits from the infringement of the Celebrity Photographs displayed thereto. On information and belief, Defendant has driven significant traffic to his Instagram Account in large part due to the presence of the sought after and searched-for Celebrity Photographs that frame this dispute. All of this traffic translates into

4
**COMPLAINT**

substantial ill-gotten commercial advantage and brand awareness as a direct consequence of his infringing actions.

14. Mr. Ramirez is well aware of the need to license Backgrid's Celebrity Photographs. In 2021, he impermissibly used six timely registered photographs of Kim Kardashian that Backgrid owns. Backgrid's copyright agent sent Mr. Ramirez correspondence providing him notice of the infringement. Mr. Ramirez, through counsel, refused to discuss the infringement substantively.

15. Despite Mr. Ramirez's receipt of BackGrid's demand letter, Mr. Ramirez infringed again, this time by posting three different timely registered photos that Backgrid owns. These photos are pictures of Winnie Harlow.

16. In 2024, Mr. Ramirez infringed yet again, this time with four more of Backgrid's timely registered photos. These photos are pictures of Karol G. Upon discovering Mr. Ramirez's further infringement, Backgrid sent him a new demand letter regarding his seven total infringements, which are at issue in this litigation.

17. BackGrid attempted to resolve this lawsuit with Defendant in 2024 for each of the Celebrity Photographs. Much like the first time BackGrid sent Defendant correspondence identifying the new infringement, Mr. Ramirez refused to substantively engage with Backgrid. BackGrid discovered each infringement within the last three years.

## FIRST CLAIM FOR RELIEF
## (Copyright Infringement, 17 U.S.C. § 501)

18. Backgrid incorporates hereby reference the allegations in paragraphs 1 through 17 above.

19. Backgrid is the owner of all rights, title, and interest in the copyrights of the Celebrity Photographs that frame this dispute, which substantially consist of material wholly original and which are copyrightable subject matter under the laws of the United States.

20. Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office.

21. Defendant has directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing the Celebrity Photographs for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

22. All of the Defendant's acts are and were performed without permission, license, or consent of Backgrid.

23. Backgrid has identified at least 7 instances of infringement by way of unlawful reproduction and display of Backgrid's photographs (as well as the unlawful facilitation of others' reproduction of its photographs).

24. As a result of the acts of Defendant alleged herein, Backgrid has suffered substantial economic damage.

25. Defendant has willfully infringed, and, unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Defendant's encouragement of the infringement and financial benefit it receives from Backgrid's copyrights.

26. The wrongful acts of Defendant have caused, and are causing, injury to Backgrid, which cannot be accurately computed, and unless this Court restrains Defendant from further commission of said acts, Backgrid will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Backgrid seeks a declaration that Defendant is infringing Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

27. The above-documented infringements alone would entitle Backgrid to a potential award of up to $1,050,000 in statutory damages for the at-least 7 infringed photographs, in addition to its attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That the Defendant, and his officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photos of Backgrid;

2. That an accounting be made for all profits, income, receipts or other benefit derived by Defendant from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3. For actual damages and disgorgement of all profits derived by Defendant from his acts of copyright infringement and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b);

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7. For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505;

8. For any such other and further relief as the Court may deem just and appropriate.

Dated: January 30, 2025                                        **ONE LLP**

By: */s/ Joanna Ardalan*
Joanna Ardalan

*Attorney for Plaintiff,*
Backgrid USA, Inc.

# DEMAND FOR JURY TRIAL

Plaintiff Backgrid USA, Inc., hereby demands trial by jury of all issues so triable under the law.

Dated: January 30, 2025

**ONE LLP**

By: */s/ Joanna Ardalan*
Joanna Ardalan

*Attorney for Plaintiff,*
Backgrid USA, Inc.